# IN THE COURT OF APPEALS OF IOWA

No. 20-0699
Filed March 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN EDWARD GOLDSMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

John Goldsmith appeals his conviction for first-degree theft. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

John Goldsmith appeals his conviction for first-degree theft, asserting there is insufficient evidence he knew at the time he wrote a check that it would not be paid by the bank.

We review claims of insufficient evidence for errors of law. *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020).

> In reviewing a challenge to the sufficiency of evidence supporting a guilty verdict, we consider "all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." Evidence is substantial "if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt."

*Id.* (citations omitted).

In a trial to the court, the court's "findings of fact have the effect of a special verdict and are binding on us if supported by substantial evidence." *State v. Fordyce*, 940 N.W.2d 419, 425 (Iowa 2020) (internal citation omitted).

On September 22, 2018, John Goldsmith participated in an auction and successfully bid on items for which he agreed to pay $10,995.00. He wrote a check on his account at Liberty National Bank in the amount of $10,995.00, which was postdated for September 25. At the time he wrote the check, Goldsmith "effectively had zero funds in the bank account the entire month of September with deposits made in amounts only sufficient to cover some checks that were written." Goldsmith retrieved several items from the auction site over the next few days. The auction company presented the check for payment on September 27, but the check was returned due to insufficient funds. Goldsmith was notified of the insufficiency and did not provide funds to cover the check within ten days.

Goldsmith was charged with first-degree theft, in violation of Iowa Code section 714.1(6) and 714.2(1) (2018).

Section 714.1(6) states that a person commits theft when the person "[m]akes, utters, draws, delivers, or gives any check . . . and obtains property . . . in exchange for such instrument, if the person knows that such check . . . will not be paid when presented." The fact finder is allowed to infer the requisite knowledge if "the drawee of such instrument has refused payment because of insufficient funds, and the maker has not paid the holder of the instrument the amount due thereon within ten days of the maker's receipt of notice from the holder that payment has been refused by the drawee." Iowa Code § 714(1)(6)(a).

After a bench trial, the district court issued a detailed and thoughtful ruling, specifically finding that Goldsmith knew at the time he gave the check to the auction company that it would not be paid by the bank. The court considered Goldsmith's testimony that he did not know at the time he wrote the check that it would not be paid by the bank because he had cash hidden in his house he intended to deposit to cover the check but he discovered it had been stolen. The court found Goldsmith's claims lacked credibility because they were inconsistent with his own actions; inconsistent with the testimony of other witnesses, and inconsistent with statements he made to a deputy in a November interview. The court also observed:

> Any hope that Defendant may have had at the time he issued that post-dated check in the amount of $10,995 otherwise does not negate or defeat the State's proof that he knew at the time he issued the check that it would not be paid when presented, and he would be unable to pay the check. Defendant in regard to this bank account essentially had zero money, and he knew at the time he wrote the

check that he did not have the ability to pay the $10,995 for which the check was written.

On our review, we conclude substantial evidence supports the court's findings and conclusions and, therefore, we affirm.

**AFFIRMED.**